UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )       Chapter 7
RYAN BAKKER and                 )
LISA BAKKER,                    )       Bankruptcy No. 04-01036
                                )
     Debtors.                   )
_____  )
DUNKERTON COOPERATIVE           )
ELEVATOR,                       )       Adversary No. 04-9098
                                )
     Plaintiff,                 )
                                )
vs.                             )
                                )
RYAN BAKKER and                 )
LISA BAKKER,                    )
                                )
     Defendants.                )
```

**ORDER RE MOTION TO DISMISS**

This matter came before the undersigned on February 4, 2004 for telephonic hearing on Motion to Dismiss. Plaintiff Dunkerton Cooperative Elevator was represented by Attorney Roger Sutton. Defendants/Debtors were represented by Attorney Michael Dunbar. After hearing the arguments of the parties, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff filed its complaint seeking exception from discharge on June 10, 2004. It filed its amended complaint to conform with official forms on June 17, 2004. The Bankruptcy Clerk issued a Summons on June 17, 2004. Plaintiff's certificate of service filed November 1, 2004 states that Debtors were served with the Summons and Complaint on October 28, 2004, by U.S. mail. An additional Certification of Service filed November 1, 2004, states that the Summons and Complaint were served on Plaintiff's attorney, Michael Dunbar by e-filing at Mr. Dunbar's email address on June 10, 2004.

Debtors request dismissal, arguing that they have not been properly or timely served under the Bankruptcy Rules. They assert Plaintiff failed to serve them with the Summons and Complaint within 10 days and the Summons had expired. Furthermore, more than 120 days has passed since the complaint was filed.

Plaintiff asserts the delay in serving the summons was due to not understanding the e-filing system. It argues that Debtors have suffered no prejudice and their attorney received notice of the original complaint by electronic mail. When Plaintiff became aware of the problem, it immediately retrieved and served the summons.

## CONCLUSIONS OF LAW

Debtors assert Plaintiff failed to comply with the time limits for service promulgated in Rule 7004(a) and (e). Rule 7004(e) requires that the summons be served within 10 days of its issuance and if service by mail is used, the complaint must be deposited in the mail within 10 days after the summons has been issued. Rule 7004(a) incorporates Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Dismissal for want of prosecution is only appropriate where there has been a clear record of delay or contumacious conduct. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 678 (N.D. Iowa 1995). The remedy for failure to timely serve a summons is issuance of a new summons, not dismissal. In re Dawson, No. 00-01534, slip op. at 2 (Bankr. N.D. Iowa June 20, 2001). The expiration of the original summons has no

2

jurisdictional import in and of itself.  It merely envisions that a new summons must be issued.    <u>In re Krikava</u>, 236 B.R. 701, 705-06 (Bankr. D. Neb. 1999).

## ANALYSIS

Based upon the foregoing, the Court concludes dismissal is not warranted.  There is no showing of prejudice to Debtors from Plaintiff's delay in serving the Summons and Complaint.  To the contrary, Debtors' attorney had actual notice of the proceeding by email at the time the complaint was filed.

The summons technically expired prior to Debtor's serving it by mail on Debtors and their attorney.  At the hearing, Attorney Dunbar agreed that, if the case was not dismissed, he would concede that service of the expired summons in November as sufficient service.  Therefore, service of the Complaint has been made and this matter should now proceed without further delay.  Debtors shall file their answer on or before February 18, 2005.

**WHEREFORE**, the Motion to Dismiss is DENIED.

**FURTHER**, Defendants/Debtors Ryan and Lisa Bakker are ordered to file their answer herein on or before February 18, 2005.

Dated and Entered:  February 7, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

3